THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>QIFENG LI, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. CR18-0124-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Xiamin Huang's motion for revocation of detention order (Dkt. No. 82). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

Ms. Huang is charged with conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Dkt. No. 19.) The Government alleges that Ms. Huang and her co-defendants conspired to acquire real property to support an illicit marijuana grow operation in Western Washington and then shipped the resulting product to New York for distribution. (Dkt. No. 1 at 6–14.) After a detention hearing on May 18, 2018 (Dkt. No. 10), the Honorable James P. Donohue, United States Magistrate Judge, ordered Ms. Huang detained based on: (1) her significant foreign ties to China and Canada, (2) her dual

citizenship, (3) her significant ties to foreign cash transactions, (4) the weight of the evidence against her, and (5) the fact that there were no conditions or combination of conditions other than detention that would reasonably assure Defendant Huang's appearance. (Dkt. No. 11 at 1–2.) Ms. Huang moves to revoke the order. (Dkt. No. 82.)

## II.  DISCUSSION

A defendant ordered detained by a magistrate judge pending trial may request that the court with original jurisdiction revoke or modify the order. *See* 18 U.S.C. § 3145(b). This Court reviews such orders de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). Pre-trial detention is appropriate where the Government proves, by clear and convincing evidence, that a defendant presents a danger to the community or, by a preponderance of the evidence, that the defendant poses a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government does not argue that Ms. Huang presents a danger to the community. (*See generally* Dkt. No. 84.) The issue presented is whether Ms. Huang poses a sufficient flight risk such that no condition or combination of conditions of release can be imposed to reasonably assure her appearance. *See* 18 U.S.C. § 1342. For the reasons described below, the Court finds that she does.

To determine whether conditions of release may reasonably assure Ms. Huang's appearance, the Court considers: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the defendant's history and characteristics, including character, family ties, employment, financial resources, community ties, length of residence in the community, past conduct, and criminal history, and (4) the nature and seriousness of danger to the community. 18 U.S.C. § 3142(g). The weight of the evidence is the least important factor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Ms. Huang became a naturalized citizen of the United States in 2014. (Dkt. No. 82 at 2.) Since Ms. Huang's naturalization, she has visited both Canada and China. (*Id.* at 2–3.) The Government alleges that, from July 2015 through December 2015, Defendant Huang and her co-

defendants received wire transfers from China exceeding $598,000. (Dkt. No. 84 at 4.) They used the funds to purchase five properties in Western Washington, all of which were outfitted to produce marijuana. (*Id.*) While Ms. Huang was previously employed full-time as an office manager for Skyway General Contractor, she quit in April 2017 to become a full-time mother to her two young children. (Dkt. No. 82 at 3.) Thereafter, she did only occasional work for Skyway General Contractor. (*Id.*)

Ms. Huang highlights that her ties to the community are substantial because her husband, two children, parents-in-law, and brother-in-law all reside in Western Washington. (*See generally* Dkt. No. 82.) Nonetheless, Ms. Huang still has ties to Canada and China that are significant enough that she may flee—she lived in Canada for seven years and maintains citizenship there, and she has a historical and financial connection to China. (*See* Dkt. Nos. 82 at 2, 5; 84 at 4.) Moreover, she has significant familial ties to New York. (Dkt. No. 82 at 2.)

With drug offenses for which a maximum term of imprisonment of 10 years or more is prescribed, there is a rebuttable presumption that, besides detention, no condition or combination of conditions will reasonably assure the appearance of Defendant. *See* 18 U.S.C. § 3142(e)(3). Because of her alleged lack of familial ties and her lack of citizenship, Defendant Huang casts some doubt on whether she would indeed abscond to China; however, it would be relatively easy for her to travel to Canada or New York. Moreover, Defendant Huang likely has access to substantial assets. Joint accounts, to which she had access, were used in the conspiracy, and she unilaterally controlled a safe deposit box that contained a large amount of money. (Dkt. Nos. 82 at 4; 84 at 5.) This ability to easily travel and stay in these destinations, coupled with the fact that Defendant Huang is facing a potential prison sentence of 10 years, likely gives her the unfortunate choice of (1) fleeing Western Washington with or without her children or (2) facing a potential prison term of 10 years without her children.

Given these facts, the Court finds that the Government has met its burden to establish, by a preponderance of the evidence, that no condition or combination of conditions of release can be

1 imposed to reasonably assure Ms. Huang's future appearance.

2 **III.     CONCLUSION**

3       For the foregoing reasons, Ms. Huang's motion for revocation of the detention order
4 (Dkt. No. 82) is DENIED.

5       DATED this 16th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE